# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

December 5, 2024

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

| | |
|---|---|
| Nos. 24-3060, 24-3061, 24-3062 & 24-3063 | Appeals from the United States District Court for the Southern District of Illinois. |
| CALEB BARNETT, *et al.*, *Plaintiffs-Appellees*, | |
| *v.* | Nos.: 3:23-cv-00209-SPM, 3:23-cv-00141-SPM, 3:23-cv-00192-SPM & 3:23-cv-00215-SPM |
| KWAME RAOUL, *et al.*, *Defendants-Appellants*. | Stephen P. McGlynn, *Judge.* |

**O R D E R**

The district court issued an opinion holding that multiple state laws regulating assault weapons, large-capacity magazines, and associated matters are unconstitutional. The opinion contains some language in the nature of a permanent injunction, but this language does not appear in either an injunction (see Fed. R. Civ. P. 65(d)(1) ("Every order granting an injunction … must: (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required.")) or a Rule 58 judgment (which omits the relief to which the prevailing parties are entitled).

Defendants have appealed, and they request a stay pending appeal. Plaintiffs have responded, and defendants have replied. The parties also have filed memoranda addressing the problems created by the district court's noncompliance with Rules 58 and 65.

Appellate jurisdiction exists, notwithstanding these errors, because it is plain that the district court is done with the case. See *MillerCoors LLC v. Anheuser-Busch Cos.*, 940 F.3d 922, 922 (7th Cir. 2019); *Calumet River Fleeting, Inc. v. Operating Engineers*, 824 F.3d 645, 650 (7th Cir. 2016). Compliance with Rules 58 and 65 remains necessary—essential, if any litigant anticipates enforcing the decision through the contempt power—and we trust that the district court will enter appropriate orders promptly without the need for a formal command by this court.

Defendants' request for a stay rests largely on the fact that this court already has held that the laws in question survive motions seeking preliminary injunctions. *Bevis v. Naperville*, 85 F.4th 1175 (7th Cir. 2023), cert. denied, 144 S. Ct. 2491 (2024). A decision at the preliminary-injunction stage is not dispositive when the plaintiffs later seek permanent relief; our opinion indicated some matters that needed further exploration. But the analysis in *Bevis* shows that the laws have enough support to remain in place pending the final resolution of plaintiffs' suit.

Every other court of appeals that has addressed the validity of similar legislation in the wake of *New York State Rifle Association v. Bruen*, 597 U.S. 1 (2022), has come out the same way as *Bevis*. See *Ocean State Tactical, LLC v. Rhode Island*, 95 F.4th 38 (1st Cir. 2024); *Bianchi v. Brown*, 111 F.4th 438 (4th Cir. 2024) (en banc); *Hanson v. Smith*, 120 F.4th 223 (D.C. Cir. 2024). The laws addressed by those decisions differ in some respects from the Illinois statute. Yet the absence of support in other circuits for the district court's disposition lends strength to a conclusion that the Illinois statutes should remain in force until final appellate resolution.

At least two other essentially identical suits are pending in other district courts within the Seventh Circuit. The three suits were addressed jointly in *Bevis*, and they must be resolved the same way eventually. (The state laws cannot be valid in some parts of Illinois and invalid elsewhere.) This does not necessarily imply that the three cases will again be consolidated on appeal; we are reluctant to delay disposition of this appeal indefinitely just because similar litigation is pending in other districts. Still, the only way to preserve the status quo statewide is to enter a stay in this suit.

The judgment of the district court accordingly is stayed. The stay will remain in force until this court has issued its mandate.